**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIE KIMBALL, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 22-cv-4163<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

In this putative class action, Plaintiff alleges that Defendants knew a component of their motor vehicles would eventually fail but did not disclose this defect to consumers. Presently before the Court is a motion to dismiss the Amended Complaint filed by Defendant Volkswagen Group of America, Inc ("VWGoA"),[1] D.E. 33, and Plaintiff's cross-motion to strike, D.E. 38. Plaintiff filed a brief in opposition to the motion to dismiss, D.E. 37, to which Defendant replied, D.E. 40. In addition, Defendant opposes Plaintiff's cross-motion to strike. D.E. 41. The Court reviewed

---

[1] Plaintiff also asserts claims against Defendants Audi of America, Inc. ("Audi America"), Volkswagen Aktiengesellschaft ("VWAG"), and Audi Aktiengesellschaft ("Audi AG"). Am. Compl. ¶¶ 4-6. It does not appear that Volkswagen Aktiengesellschaft, and Audi Aktiengesellschaft have been served. While not at issue through the present motions, Plaintiff pleads that these Defendants can be served through service on VWGoA under an agency theory. *Id.* ¶ 7. In addition, although Plaintiff indicates that she served Audi America, D.E. 8, VWGoA states that Audi America "is a trade name and operating unit of VWGoA and has no independent corporate existence." Def. Br. at 1 n.1.

the parties' submissions[2] and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons set forth below, Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**, and Plaintiff's cross-motion to strike is **DENIED**.[3]

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

For purposes of the instant motion, the Court does not retrace this case's full factual and procedural history.  This Court's March 2, 2023 opinion and order granting Defendant's motion to dismiss the Complaint (the "MTD Opinion") includes a detailed recounting of the factual background of this matter.  D.E. 29.  To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the MTD Opinion.

Briefly, in 2009, Plaintiff leased a 2010 Audi A4 from an authorized Audi dealership.[4]  At the end of the lease, on December 31, 2012, Plaintiff bought the car.  Am. Compl. ¶ 2.  In 2019, with more than 63,000 miles on the vehicle, Plaintiff's vehicle "experienced the turbocharger defect."  *Id.*  The defect is "exhaust gas pulsations and vibrations within the turbocharger housing, wastegate linkage geometry and absence of adequate bushings, utilization of inadequate wastegate linkage fabrication materials including but not limited to dimensional construction and heat treatment."  *Id.* ¶ 15.  Plaintiff pleads that the defect is "substantially certain" to cause

---

[2] The Court refers to Defendant's brief in support of its motion (D.E. 33-1) as "Def. Br."; Plaintiff's opposition brief (D.E. 37) as "Plf. Opp."; and Defendant's reply (D.E. 40) as "Def. Reply".

[3] Plaintiff seeks to strike a single paragraph from a declaration Defendant filed in support of its motion to dismiss.  D.E. 38.  Because this Court did not rely on any aspect of the declaration to decide the instant motion, Plaintiff's motion to strike is denied as moot.

[4] The Court takes the factual background from Plaintiff's Amended Complaint.  D.E. 30.  When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

turbochargers in the class vehicles to prematurely fail.[5]  *Id.* ¶ 15.  Plaintiff was forced to pay approximately $3,000 for diagnosis and replacement of the turbocharger.  *Id.* ¶ 2.

Plaintiff filed her initial Complaint on July 21, 2022, asserting the following claims: violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; violation of the Song-Beverly Consumers Warranty Act ("Song-Beverly"), Cal. Civ. Code § 1791 *et seq.*; fraud by omission or fraudulent concealment; negligent misrepresentation; breach of express warranty under the California Uniform Commercial Code ("UCC"); and breach of implied warranty under the UCC.  Plaintiff brought her claims on behalf of herself and a California class.  On September 15, 2022, VWGoA filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  D.E. 20.  The Court granted the motion and dismissed the Complaint, while providing Plaintiff with leave to file an amended pleading.  D.E. 29.

Plaintiff filed the Amended Complaint on March 31, 2023.  Plaintiff asserts largely the same claims in the Amended Complaint except she omits the Song-Beverly Act and breach of implied warranty claims.  D.E. 30.  Plaintiff's factual allegations are largely the same.  *Id.*  Defendant subsequently filed the instant motion to dismiss pursuant to Rule 12(b)(6).  D.E. 33.

## II.     LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule

---

[5] The class vehicles include the Volkswagen ("VW") Beetle model years 2012-2014, VW CC model years 2009-2012, VW Eos model years 2009-2012, VW GTI model years 2008-2012, VW Jetta model years 2008-2014, VW Passat model years 2008-2010, VW Tiguan model years 2009-2014, Audi A3 model years 2008-2012, Audi A4 model years 2009-2013, Audi A5 model years 2009-2013, 2012 Audi A6, Audi TT model years 2009-2012, and Audi Q5 model years 2011-2012.  Am. Compl. ¶ 12.

12(b)(6), it must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Thus, when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . , [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party alleging fraud must support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016). Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). This heightened standard is designed to "ensure that

defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

### III.  ANALYSIS

#### 1. Fraud Claims (Counts I, II, and III)

In Count I, Plaintiff asserts a claim under the CLRA, Count II alleges that Defendants violated the UCL, and in Count III, Plaintiff pleads a fraud by omission, or a fraudulent concealment claim. Defendant seeks to dismiss all three fraud-based claims.

##### a. Affirmative Misrepresentations

Defendant argues, amongst other things, that to the extent Plaintiff's CLRA and UCL claims are premised on affirmative misrepresentations, Plaintiff does not plead reliance. Def. Br. at 25-27. Plaintiff's affirmative misrepresentation claims are based on Defendants' alleged misrepresentations as to the standard and quality of the class vehicles. *See, e.g.*, Am. Compl. ¶¶ 34, 147. A plaintiff must establish that the misrepresentation "was a substantial factor in [her] decision making process" to sufficiently plead reliance under the CLRA and UCL. *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1083 (N.D. Cal. 2017).[6] In the initial Complaint, Plaintiff pled that she relied on misrepresentations in the owner's manual, and warranty and maintenance pamphlets. Compl. ¶¶ 58-59. In the MTD Opinion, this Court concluded that

> Plaintiff fails to allege that she viewed the documents prior to her purchase or that the alleged misrepresentations in these documents

---

[6] This Court used California law in the MTD Opinion. *See* MTD Opinion at 6 n.7. Defendant continues to argue that California law applies to Plaintiff's claims, Def. Br. at 5 n.3, and Plaintiff does not challenge Defendant's position. Consequently, the Court will also apply California law to decide the instant motion. *See Cole v. NIBOC, Inc.*, No. 13-7871, 2015 WL 2414740, at *5 (D.N.J. May 20, 2015) (explaining that because "Defendant suggests, and Plaintiffs do not dispute" which state law applies, "the Court will follow the lead of the parties and will not engage in a choice of law analysis").

>were a substantial factor in her decision to purchase her class
>vehicle. Without such allegations, Plaintiff does not plead reliance.

MTD Opinion at 6.

In the Amended Complaint, Plaintiff vaguely references material misrepresentations made at the time of purchase, *id.* ¶ 53, and misrepresentations in the owner's manual, and warranty and maintenance pamphlets, *id.* ¶ 54. Plaintiff, however, still fails to include an appropriate level of detail to substantiate her claims. For example, Plaintiff does not point to any specific statements in any of the documents, plead when she reviewed these documents, or indicate that any statement was a substantial factor that led to her purchase. Accordingly, Plaintiff fails to state an affirmative misrepresentation claim in the Amended Complaint.

### b. Omission Based Claims

As with the initial Complaint, Defendant contends that Plaintiff's omission-based fraud claims still fail because Plaintiff does not plead pre-sale knowledge of the defect. Def. Br. at 28-31. For each of her omission-based fraud claims, Plaintiff must sufficiently plead that Defendant had pre-sale knowledge of the defect. *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1092 (S.D. Cal. 2016) (addressing common law fraudulent concealment claim); *Azoulai v. BMW of N. Am. LLC*, No. 16-589, 2017 WL 1354781, at *8 (N.D. Cal. Apr. 13, 2017) (quoting *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025 (9th Cir. 2017)) (addressing CLRA and UCL claims). Plaintiff again counters that technical bulletins, service bulletins, and tech tips "irrefutably demonstrate that Defendants knew of the turbocharger defect" prior to her purchase in 2012. Plf. Opp. at 36-37. In the Amended Complaint, Plaintiff identifies VW Tech Tips and Technical Bulletins issued prior to her purchase. *See* Am. Compl. ¶ 22, Ex. 1-2. While published prior to Plaintiff's purchase, these documents discuss a rattle. *See, e.g., id.* ¶ 22. Plaintiff further pleads, however, that Defendant developed a remedy for the rattle by installing a retaining clip.

6

Plaintiff continues that this clip "did not stop the continuing premature wear" that ultimately resulted in the defect. *Id.* ¶ 22. Specifically, Plaintiff explains that "[w]hat starts out as an annoying wastegate linkage rattle caused by abnormally premature component wear, eventually causes premature turbocharger failure and expensive attendant replacement costs when the wear causes the wastegate to become nonfunction." *Id.* ¶ 22 n.9. As pled, Defendants knew of a rattle but not the defect prior to Plaintiff's sale. Accordingly, Plaintiff does not plead sufficient facts through which the Court could reasonably infer Defendant's pre-sale knowledge of the defect. Plaintiff's fraud-based claims, therefore, are also dismissed pursuant to Rule 12(b)(6).[7]

In sum, Counts I through III are dismissed.

### 2. Express Warranty Claim (Count V)

Plaintiff asserts a breach of express warranty claim in Count V under the UCC. Specifically, Plaintiff alleges that Defendant concealed its knowledge of the latent turbocharger defect during the express warranty period and knew the defect was substantially certain to manifest outside of the express warranty period. *See* Am. Compl. ¶¶ 180-206.

As discussed in the MTD Opinion, "[t]he general rule is that an express warranty does not cover repairs made after the applicable time or mileage periods have elapsed." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (quoting *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 122 (Cal. Ct. App. 2006)). This is also true for a latent defect that did not manifest during the useful life of a product. *Daugherty*, 51 Cal. Rptr. 3d at 122-23; *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 534 (C.D. Cal. 2012) ("Thus, under California law, a defect that remains 'latent' during the useful life of the product and does not

---

[7] Because Counts I and II are dismissed on the merits, the Court need not address Defendant's argument as to equitable relief.

7

manifest in an actual malfunction will not support a cause of action for breach of express warranty."). Two warranties are at issue here: (1) the New Vehicle Limited Warranty ("NVLW") that includes coverage for 3 years or 36,000 miles, whichever came first, or 4 years or 50,000 miles, whichever came first; and (2) a powertrain limited warranty for 5 years or 60,000 miles, whichever came first. Am. Compl. ¶ 184. Plaintiff discovered the alleged turbocharger defect at 63,683 miles, approximately seven years after she purchased the vehicle. *Id.* ¶ 2. Accordingly, Plaintiff's alleged defect occurred outside any applicable express warranty period.

Plaintiff nevertheless argues that her express warranty claim is sufficiently pled by relying on a line of cases involving latent defects that are substantially certain to manifest. For example, in *Hicks v. Kaufman & Broad Home Corp.*, the California Court of Appeal explained that "proof of breach of warranty does not require proof the product has malfunctioned but only that it contains an inherent defect which is substantially certain to result in malfunction during the useful life of the product." *Hicks*, 107 Cal. Rptr. 2d 761, 768 (Cal. Ct. App. 2001). Plaintiff concludes that she needs to plead "a substantial certainty of premature failure, not . . . an actual malfunction during the warranty period." *Hewlett-Packard Co. v. Super. Ct.*, 83 Cal. Rptr. 3d 836, 842 (Cal. Ct. App. 2008). But *Hicks* involved a product used to build foundations for homes, and the *Hicks* court acknowledged that "[f]oundations . . . are not like cars or tires. Cars and tires have a limited useful life." *Hicks*, 107 Cal. Rptr. 2d at 773. As a result, many courts refuse to extend *Hicks* to automobile defect cases. *See, e.g.*, *Dakin v. BMW of N.A., LLC*, No. 19-818, 2019 WL 5788324, at *4 (S.D. Cal. Nov. 6, 2019); *Resnick v. Hyundai Motor Am., Inc.*, No. 16-593, 2017 WL 1531192, at *8 (C.D. Cal. 2017) ("However, 'it is unclear whether *Hicks* applies to consumer products with limited lifespans . . . indeed multiple district courts have concluded that it does not.'" (quoting *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 851 (N.D. Cal. 2012))).

8

In addition, this Court previously determined that Plaintiff failed to sufficiently plead the turbochargers were substantially certain to fail. MTD Opinion at 10. And this element is still not plausibly plead. For example, Plaintiff relies on a Technical Service Bulletin from 2012 that describes a "negative pressure deviation" condition that "aris[es] under certain driving conditions." *Id.* ¶ 23 (internal punctuation omitted). Plaintiff alleges that this is the "exact turbocharger failure mode" she experienced. *Id.* But in other portions of the Amended Complaint, Plaintiff pleads that the turbocharger defect "*can*" occur, *id.* ¶ 15 (emphasis added), and that class engines "*are prone to premature failure*" because of the defect, *id.* ¶ 29 (emphases added). These conditional statements and Plaintiff's experience alone are insufficient to establish that the defect is substantially certain to occur in all class vehicles. Accordingly, Plaintiff's allegation that the turbochargers were substantially certain to fail within their useful life is not sufficiently alleged. As a result, and assuming that *Hicks* even applies to automobile defect cases, Plaintiff's claim is inadequately pled.

Like she did in the initial Complaint, Plaintiff also relies on the futility exception here. Plf. Opp. at 19-23. In the MTD Opinion, this Court recognized that "futility may, in theory, be a basis for an excuse" in bringing a vehicle for repair during the warranty period." MTD Opinion at 10. This Court, however, declined to apply the exception because Plaintiff did not provide any supporting legal authority. *Id.* Plaintiff now discusses several cases that applied the exception. Plf. Opp. at 20-23. But these cases demonstrate that the futility exception is inapplicable to Plaintiff's express warranty claim in the Amended Complaint.

Courts have applied the futility exception when "there is a defect common to all class vehicles; that [the defendant manufacturer] was consistently unable to fix the defect; and that any repairs or mitigation that [the defendant] offered were insufficient." *In re Chevrolet Bolt EV*

9

*Battery Litig.*, 633 F. Supp. 3d 921, 976 (E.D. Mich. 2022) (citing *Gregorio v. Ford Motor Co.*, 522 F. Supp. 3d 264, 289 (E.D. Mich. 2021)); *Benkle v. Ford Motor Co.*, No. 16-1569, 2017 WL 9486154, at *12 (C.D. Cal. Dec. 22, 2017) (applying futility exception where the defendant "failed to provide adequate repairs for Plaintiffs that did present their vehicles for repairs"). Plaintiff asserts that Defendant had actual knowledge of turbocharger rattle and created an anti-rattle clip to remedy the problem. Am. Compl. ¶¶ 21-22, Ex. 3. But as discussed, Plaintiff pleads that the rattle led to the defect, not that the rattle is the defect. *Id.* ¶ 22. Accordingly, Plaintiff does not allege that Defendant failed to provide an insufficient repair once the defect occurred. In fact, Plaintiff alleges that the turbochargers can be repaired once they fail and that her turbocharger was repaired. *Id.* ¶¶ 2, 28. The Court, therefore, will not apply the futility exception.

Finally, Plaintiff argues that the express warranty time frames are unconscionable. Plf. Opp. at 23-31. As previously explained,

> [i]n auto defect cases, a plaintiff may avoid durational warranty limits of an automobile manufacturer's warranty if she properly alleges the warranty is unconscionable. *See Skeen v. BMW of N. Am., LLC*, No. 13-1531, 2014 WL 283628, at *12 (D.N.J. Jan. 24, 2014). To determine whether a contract is unconscionable, a court evaluates both procedural and substantive unconscionability. Procedural unconscionability "focuses on two factors: oppression and surprise." *Aron* [*v. U-Haul Co. of Cal.*, 49 Cal. Rptr. 3d 555, 564 (Cal Ct. App. 2006)]. The substantive unconscionability element "focuses on the actual terms of the agreement and evaluates whether they create overly harsh or one-sided results as to shock the conscience." *Id.* (internal quotations omitted). Finally, courts generally apply "a sliding-scale" to determine overall unconscionability, "[i]n other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and *vice versa*." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Proc.* [*Liab. Litig.*], 754 F. Supp. 2d 1145, 1181-82 (C.D. Cal. 2010) (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 767-68 (Cal. 2000)).

MTD Opinion at 11.  In the MTD Opinion, this Court determined that Plaintiff failed to plead procedural or substantive unconscionability.  *Id.* at 11-12.  Plaintiff's allegations as to unconscionability appear largely unchanged in the Amended Complaint.

In the Amended Complaint, Plaintiff still pleads that Defendants knew of the defect through customer complaints and testing, Am. Compl. ¶ 196, and that there was a gross disparity in bargaining power, *id.* ¶ 198.  But again, Plaintiff alleges that Defendants conducted testing to fix complaints of the turbocharger rattle.  *Id.* ¶¶ 21-22.  Although Plaintiff pleads that the rattle ultimately led to the defect, the Amended Complaint does not include any other allegations about testing.  Plaintiff also pleads that Defendants knew of the defect from warranty claims, complaints, and monitoring but includes no details about the contents or quantity of these claims.  *Id.* ¶ 63.  Finally, Plaintiff pleads that the contract terms and bargaining power were unreasonably favorable to Defendants because Defendants were aware of the defects.  *Id.* ¶¶ 73-74.  As discussed, however, Plaintiff's allegations about Defendants' knowledge are insufficient.  Accordingly, Plaintiff still fails to allege procedural or substantive unconscionability.  Plaintiff, therefore, fails to plead an express warranty claim.[8]

### 3. Negligent Misrepresentation (Count IV)

In Count IV, Plaintiff pleads a claim for negligent misrepresentation.  Am. Compl. ¶¶ 172-79.  Defendant contends that this claim is time-barred, Def. Br. at 11, and barred by the economic loss doctrine, *id.* at 35-37.  Defendant made identical arguments in seeking to dismiss the negligent

---

[8] Because Plaintiff fails to state an express warranty claim, the Court will not consider whether the defect is covered by the NVLW.

11

misrepresentation claim in initial Complaint. The Court rejected both arguments. With respect to the statute of limitations,[9] this Court explained that

> [t]he statute of limitations for a negligent misrepresentation claim is three years, running from the date of a plaintiff's discovery. Ca. Civ. Proc. Code § 338; *see also Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1011 (N.D. Cal. 2015) (stating that a negligent misrepresentation claim "accrues when the plaintiff discovers or should have discovered all facts essential to his cause of action") (internal citation omitted). As discussed, Plaintiff's alleged turbocharger defect manifested on or around July 2019. Compl. ¶ 2. Plaintiff filed her Complaint on June 21, 2022. D.E. 1. Therefore, Plaintiff's negligent misrepresentation claim is not time-barred.

MTD Opinion at 15. In addition, Defendant still relies on *Finney v. Ford Motor Company*, No. 17-6138, 2019 WL 79033 (N.D. Cal. Jan. 2, 2019) to support its statute of limitations argument. Def. Br. at 11. But this Court distinguished *Finney* in the MTD Opinion. MTD Opinion at 16. In short, for the reasons discussed in the MTD Opinion, Plaintiff's negligent misrepresentation claim is not time barred.

> With respect to the economic loss doctrine, this Court explained that
>
> > courts in California appear split as to whether the economic loss rule bars fraudulent omission claims. *Compare Flier v. FCA US LLC*, No. 21-2553, 2022 WL 16823042, at *6 (N.D. Cal. Nov. 8, 2022) (finding reasoning from recent decision from California Court of Appeal "that the economic loss rule does not bar fraudulent omission claims" persuasive), *with Cho* [*v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1162 (C.D. Cal. 2022)] ("Accordingly, because Plaintiffs only seek economic damages and concede that their fraud claims are based only on omissions and concealment, the Court finds those claims are barred by the economic loss rule under California law."). Given this split, the Court will not dismiss Plaintiff's negligent misrepresentation claim as barred by the economic loss doctrine at this time.

---

[9] The statute of limitations is an affirmative defense not normally decided on a motion to dismiss. However, "where the complaint facially shows noncompliance with the limitations period," dismissal on statute of limitations grounds may be appropriate. *See Crump v. Passaic County*, 147 F. Supp. 3d 249, 259 (D.N.J. 2015).

12

MTD Opinion at 15.  Defendant seeks for the Court to revisit this conclusion and adopt the reasoning of *Costa v. Reliance Vitamin Co., Inc.*, No. 22-4679, 2023 WL 2989039 (N.D. Cal. Apr. 23, 2023).  *Costa*, however, simply demonstrates that a split still exists.  *See id.* at *6 (acknowledging other cases but finding recent case concluding that economic loss doctrine barred negligent misrepresentations claims persuasive); *but see Milstead v. General Motors LLC*, No. 21-6338, 2023 WL 4410502, at *11 (N.D. Cal. July 6, 2023) ("[W]hether California's economic loss rule bars fraudulent omission claims based purely on economic injury is unsettled" (quoting *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1019 (N.D. Cal. 2020))).  Without binding precedent clarifying whether the economic loss rule bars the negligent misrepresentation claim under California law, the Court will not dismiss Plaintiff's claim at the motion to dismiss stage.  Consequently, Defendant's motion is denied with respect to Count IV.

## IV.   CONCLUSION

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 28th day of August, 2023,

**ORDERED** that Defendant's motion to dismiss (D.E. 33) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant's motion is **GRANTED** as to Counts I through III and V of the Amended Complaint, and these counts are **DISMISSED**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein; and it is further

**ORDERED** that Defendant's motion is otherwise **DENIED**; and it is further

**ORDERED** that Plaintiff's cross-motion to strike (D.E. 38) is **DENIED**.

                                                                          _____
                                                                           John Michael Vazquez, U.S.D.J.