UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIE KIMBALL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AKTIENGESELLSCHAFT, AUDI AKTIENGESELLSCHAFT and AUDI OF AMERICA, INC.,<br><br>Defendants. | Civil Action No. 2:22-cv-04163-JKS-MAH<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

WHEREAS, pursuant to Fed. R. Civ. P. ("Rule") 23(a), 23(b)(3), and 23(e), the parties seek entry of an order, *inter alia*, preliminarily approving the class Settlement of this Action ("Settlement") pursuant to the terms and provisions of the Class Settlement Agreement dated January 6, 2025 with attached exhibits ("Settlement Agreement"); preliminarily certifying the Settlement Class for settlement purposes only; directing Notice to the Settlement Class pursuant to the parties' proposed Notice Plan; preliminarily appointing the Settlement Class Representative, Settlement Class Counsel and the Claims Administrator; directing the timing and procedures for objecting to, or requesting for exclusion from, the Settlement; and scheduling any other filings and the Final Fairness Hearing; and

WHEREAS, the Court has carefully reviewed and considered the Settlement Agreement and Plaintiffs' Unopposed Motion for Preliminary Approval;

NOW, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. The Court preliminarily approves the Settlement Agreement and all of its Settlement terms as fair, reasonable and adequate under Rule 23, subject to further consideration at the Final Fairness Hearing.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, the following Settlement Class:

> All persons and entities who purchased or leased, in the United States or Puerto Rico, Settlement Class Vehicles which are certain of the following model year Volkswagen and Audi brand vehicles which were distributed by Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico, and specifically identified by Vehicle Identification Number ("VIN") on VIN lists that are attached as Exhibits 4A-C to the Settlement Agreement: 2008-2014 and 2015-2021 VW GTI and Golf R vehicles, 2012-2013 VW Beetle vehicles, 2009 VW Jetta Sportwagen vehicles, 2008-2013 and 2019-2024 VW Jetta Sedan and GLI vehicles, 2009-2016 VW Eos vehicles, 2008-2010 VW Passat vehicles, 2009-2017 VW CC vehicles, 2009-2018 VW Tiguan vehicles, 2015-2018 VW Golf vehicles, 2015-2019 VW Golf R vehicles, 2015-2019 VW Golf Sportwagen and Alltrack vehicles, 2019-2021 VW Arteon vehicles, 2018-2023 VW Atlas vehicles, 2020-2023 VW Atlas Cross Sport vehicles, 2008-2009 and 2015-2020 Audi A3 vehicles, 2015-2024 Audi Q3, 2009-2014 Audi A4 vehicles, 2010-2014 Audi A5 vehicles, 2013-2015 Audi A6 vehicles, 2011-2014 Audi Q5 vehicles, and 2011-2012 and 2016-2023 Audi TT vehicles. (hereinafter "Settlement Class").
>
> The aforesaid Settlement Class Vehicles are categorized as follows:
>
> **(1) "Generation 1 Settlement Class Vehicles"** means certain of the following Settlement Class Vehicles equipped with Generation 1 EA888 Engines: certain model year 2008-2014 VW GTI and Golf R vehicles, 2012-2013 VW Beetle

3

vehicles, 2009 VW Jetta Sportwagen vehicles, 2008-2013 VW Jetta Sedan and GLI vehicles, 2009-2016 VW Eos vehicles, 2008-2010 VW Passat vehicles, 2009-2017 VW CC vehicles, 2009-2018 VW Tiguan vehicles, 2008-2009 Audi A3 vehicles, and 2015-2018 Audi Q3 vehicles, which were distributed by VWGoA in the United States and Puerto Rico and specifically identified by Vehicle Identification Number ("VIN") on a VIN list that is attached as Exhibit 5A to this Agreement.

**(2) "Generation 2 Settlement Class Vehicles"** means certain of the following Settlement Class Vehicles equipped with Generation 2 EA888 Engines: certain model year 2009-2014 Audi A4 vehicles, 2010-2014 Audi A5 vehicles, 2013-2015 Audi A6 vehicles, 2011-2014 Audi Q5 vehicles, and 2011-2012 Audi TT vehicles, which were distributed by VWGoA in the United States and Puerto Rico and specifically identified by Vehicle Identification Number ("VIN") on a VIN list that is attached as Exhibit 5B to this Agreement.

**(3) "Generation 3 Settlement Class Vehicles"** means certain of the following Settlement Class Vehicles equipped with Generation 3 EA888 Engines: certain model year 2015-2018 VW Golf vehicle, 2015-2021 VW GTI vehicles, 2015-2019 VW Golf R vehicles, 2015-2019 VW Golf Sportwagen and Alltrack vehicles, 2019-2024 VW Jetta GLI vehicles, 2019-2021 VW Arteon vehicles, 2018-2023 VW Atlas vehicles, 2020-2023 VW Atlas Cross Sport vehicles, 2015-2020 Audi A3, 2019-2024 Audi Q3 vehicles, and 2016-2023 Audi TT vehicles, which were distributed by VWGoA in the United States and Puerto Rico and specifically identified by Vehicle Identification Number ("VIN") on a VIN list that is attached as Exhibit 5C to this Agreement

Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of

4

Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

4. The Court preliminarily appoints Plaintiff Julie Kimball as the Settlement Class Representative.

5. The Court preliminarily appoints the law firms of Kantrowitz, Goldhamer & Graifman, P.C. and Thomas P. Sobran, P.C., collectively, as Class Counsel for the Settlement Class ("Settlement Class Counsel").

6. The Court preliminarily appoints JND Legal Administration as the Settlement Claim Administrator ("Claim Administrator").

7. The Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over individual questions; (c) the claims of the Settlement Class Representative are typical of the claims of the Settlement Class; (d) the Settlement Class Representative and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

8. In addition, the Court preliminarily finds that certification of the Settlement Class is appropriate, especially when balanced against the risks and delays of further litigation, and that

the proceedings that occurred before the Parties entered into the Settlement Agreement afforded counsel the opportunity to adequately assess the claims and defenses in the Action, the relative positions, strengths, weaknesses, risks, and benefits to each Party, and as such, to negotiate a Settlement Agreement that is fair, reasonable, and adequate, and reflects those considerations.

9. The Court also preliminarily finds that the Settlement Agreement has been reached as a result of intensive arm's-length negotiations of disputed claims and that the proposed Settlement is not the result of any collusion.

10. The Court approves, and directs the implementation of, the parties' Notice Plan for dissemination of the Class Notice pursuant to the terms of the Settlement Agreement (the "Notice Plan"). The Court approves the form and content of the postcard Settlement Class Notice, the long form Class Notice, and the Claim Form (Exhibits 1, 2 and 3 to the Settlement Agreement). The Court finds that the Notice Plan, consisting of mailing of the postcard Settlement Class Notice in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website that, *inter alia*, will contain the long form Class Notice, satisfies Rule 23, due process, and constitutes the best notice practicable under the circumstances. The Notice Plan is reasonably calculated to apprise the Settlement Class of the pendency of the Action; the certification of the Settlement Class for settlement purposes only; the terms of the Settlement, its benefits and the Release of Claims; the Settlement Class Members' rights including the right to, and the deadlines and procedures for, requesting exclusion from the Settlement or objecting to the Settlement and/or Settlement Class Counsel's application for Fees and Expenses and Settlement Class representative service award; the deadline, procedures and requirements for submitting a Claim for Reimbursement pursuant to the Settlement terms; the time and place of, and right to appear at, the Final Fairness hearing; and other pertinent information about the Settlement and the Settlement Class Members' rights.

11. The Court further authorizes the Parties to make non-material modifications to the Settlement Class Notices and Claim Form prior to the Notice Date if they jointly agree that any such changes are appropriate.

12. The Claim Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice, implementing and maintaining the Settlement Website, implementing the Notice Plan, the processing, review and determination of timely submitted and proper Claims for Reimbursement under the Settlement terms, and the submission of any declarations and other materials to Settlement Class Counsel and the Court, as well as any other duties required under the Settlement Agreement.

13. The Departments of Motor Vehicles within the United States and its territories are ordered to provide approval to S&P Global, or any other company so retained by the parties and/or the Claim Administrator, to release the names and addresses of Settlement Class Members in the Action associated with the titles of the Vehicle Identification Numbers at issue in the Action for the purposes of disseminating the Settlement Class Notice to the Settlement Class Members. S&P Global, or any other company so retained, is ordered to license, pursuant to agreement between Defendant and S&P Global or such other company, and/or the Claim Administrator and S&P Global or such other company, the Settlement Class Members' contact information to the Claim Administrator and/or Defendant solely for the use of providing Settlement Class Notice in the Action and for no other purpose.

14. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail, by first-class mail postmarked no later than thirty (30) days after the Notice Date, a written request for exclusion ("Request for Exclusion") to each of the following: (a) the Claim Administrator at the address specified in the Class Notice; (b) Gary S. Graifman, Esq., Kantrowitz, Goldhamer & Graifman PC, 135 Chestnut Ridge Road, Suite 200, Montvale, NJ 07645 on behalf of Settlement Class Counsel; and (c) Michael B. Gallub, Esq., Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, NY 10020 on behalf of Defendant. To be effective, the Request for Exclusion must be timely and must:

    a. Include the Settlement Class Member's full name, address and telephone number;

    b. Identify the model, model year and VIN of the Settlement Class Vehicle;

7

    c. State that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

    d. Specifically and unambiguously state his/her/their/its desire to be excluded from the Settlement Class.

15. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion containing all of the above required information, and mailed to the proper addresses, shall remain in the Settlement Class and shall be subject to and bound by all determinations, orders and judgments in the Action concerning the Settlement, including but not limited to the Released Claims set forth in the Settlement Agreement.

16. Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of the Settlement Agreement and/or the requested amount of Settlement Class Counsel Fees and Expenses and/or Settlement Class Representative service award.

    a. To object, a Settlement Class Member must either: (i) file the objection, together with any supporting briefs and/or documents, with the Court in person or via the Court's electronic filing system within thirty (30) days of the Notice Date; or (ii) mail, via first-class mail postmarked within thirty (30) days of the Notice Date, the objection, together with any supporting briefs and/or documents, to each of the following: (a) the Clerk's Office of the United States District Court, District of New Jersey, Martin Luther King Jr. Federal Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey 07102; (b) Gary S. Graifman, Esq., Kantrowitz, Goldhamer & Graifman PC, 135 Chestnut Ridge Road, Suite 200, Montvale, NJ 07645 on behalf of Settlement Class Counsel; and (c) Michael B. Gallub, Esq., Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, NY 10020 on behalf of Defendant.

    b. Any objecting Settlement Class Member must include the following with his/her/their/its objection: (i) the objector's full name, address, and telephone number; (ii) the model, model year and Vehicle Identification Number of the

Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title or registration); (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; (v) the name, address and telephone number of any counsel representing said objector; (vi) a statement of whether the objecting Settlement Class Member intends to appear at the Final Fairness Hearing, either with or without counsel, and the identity(ies) of any counsel who will appear on behalf of the Settlement Class Member objection at the Final Fairness Hearing; and (vii) a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five (5) years, he/she/they/it shall affirmatively so state in the objection.

17. Subject to the approval of the Court, any Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should be approved, or to speak regarding any objection that he/she/it had properly and timely filed with the Court. In order to appear, any Settlement Class Member must, no later than the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of all witnesses that the Settlement Class Member (or the Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other requirements

set forth in this Order and the Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

18. Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order and the Class Notice shall be deemed to have waived any objections to the Settlement and any adjudication or review of the Settlement Agreement and/or its approval by appeal or otherwise.

19. In the event the Settlement is not granted final approval by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

   a. All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

   b. All of the Parties' respective pre-Settlement claims, defenses and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

   c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant, the Released Parties, or the Plaintiff on any allegation, claim, defense, or point of fact or law in connection with this Action;

   d. Neither the Settlement terms, the existence of the Settlement itself, nor any publicly filed, available, or disseminated information regarding the Settlement, including, without limitation, the Settlement Agreement, the Class Notices, the Settlement Website, court filings, court orders, and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise; and

   e. The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified.

20. Pending the Final Fairness Hearing and the Court's decision whether to grant final approval of the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity (including those Settlement Class Members who filed Requests for Exclusion from the Settlement which have not yet been reviewed and approved by the Court at the Final Fairness Hearing), shall commence, prosecute, continue to prosecute, or participate in, against Defendant and/or any of the Released Parties, any action or proceeding in any court or tribunal (judicial, administrative or otherwise) asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement. Pursuant to 28 U.S.C. § 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

21. Pending the Final Fairness Hearing and any further determination thereof, this Court shall maintain continuing jurisdiction over these Settlement proceedings.

22. Based on the foregoing, the Court sets forth the following schedule for the Final Fairness Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Settlement Class Members must check the Settlement Website regularly for updates and further details regarding this Settlement and any applicable deadlines and dates including any changes in the date, time and/or place of the Final Fairness Hearing:

| Event | Deadline Pursuant to Settlement Agreement |
|---|---|
| Notice shall be mailed in accordance with the Notice Plan and this Order | September 19, 2025 [~~100-days after issuance of Preliminary Approval Order~~] |

11

| | |
|---|---|
| Settlement Class Counsel's Fee and Expense Application and request for service awards for the Plaintiff-Settlement Class Representative | SEPTEMBER 30, 2025 [115-days after issuance of Preliminary Approval Order] |
| Deadline for filing of any Objections to the Settlement, Settlement Class Counsel's Fee and Expense Application, and/or the request for Settlement Class Representative service award | OCTOBER 15, 2025 [130 days after issuance of Preliminary Approval Order; 30-days after the Notice Date] |
| Deadline for Requests for Exclusion from the Settlement | OCTOBER 15, 2025 [130 days after issuance of Preliminary Approval Order; 30-days after the Notice Date] |
| Plaintiffs to file Motion for Final Approval of the Settlement | November 4, 2025 [150-days after issuance of Preliminary Approval Order; 50-days after the Notice Date] |
| Claim Administrator shall submit a declaration to the Court (i) reporting the names of all persons and entities that submitted Requests for Exclusion; and (ii) attesting that Notice was disseminated in accordance with the Settlement Agreement and this Preliminary Approval Order. | November 4, 2025 [150-days after issuance of Preliminary Approval Order; 50-days after the Notice Date] |
| Responses of Any Party to any Objections and/or Requests for Exclusion | November 19, 2025 [165-days after issuance of Preliminary Approval Order; 65-days after the Notice Date] |
| Any submissions by Defendant concerning Final Approval of Settlement | November 19, 2025 [165-days after issuance of Preliminary Approval Order; 65-days after the Notice Date] |

| | | |
|---|---|---|
| Final Fairness Hearing will be held at Martin Luther King Building & U.S. Courthouse, 50 Walnut St., Newark, NJ 07102 or by video conference as determined by the Court | December 4, 2025 @ ~~[180-days after issuance of Preliminary Approval Order; 30-days after Plaintiffs' filing of Final Approval Motion]~~ | 11:00 AM, in the Courtroom of the Undersigned. |

**SO ORDERED:**

Date: 5/30/2025

Honorable Michael A. Hammer
United States Magistrate Judge

13