## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIE KIMBALL, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AKTIENGESELLSCHAFT, AUDI AKTIENGESELLSCHAFT and AUDI OF AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 2:22-cv-04163-MAH |

## [~~PROPOSED~~] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, this Court, having carefully reviewed and considered all of the filed submissions relating to the proposed Class Settlement of this Action ("Settlement" or "Class Settlement") including the Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement and exhibits thereto (ECF No. 123, the "Motion"), the Parties' Class Settlement Agreement dated January 6, 2025 with exhibits (ECF No. 100-3) ("Settlement Agreement"), the Declaration of Lara Jarjoura of JND Legal Administration, the Claim Administrator, dated September 24, 2025 (ECF No. 108), the fourteen purported objections to the settlement (ECF Nos. 109, 110, 111, 112, 113, 114, 115, 116, 118, 119 and 122, 125-1, 125-2 and 125-3), the request for extension of time filed by Anthony KiBom Kim (ECF 117),

1

the denial of Mr. Kim's request (ECF 121), Defendant's Memorandum of Law in Response to Objections and Certain Requests for Exclusion and in Support of Final Approval (ECF 125), the withdrawals of the Scher, Bankston, Breslau and Ali objections to the Settlement, subject to the Court's approval (ECF 125-4), Plaintiff's Brief in Response to Objections to Class Settlement (ECF 126), and all other submissions and filings in this Action;

WHEREAS, this Court, having issued its Order Granting Preliminary Approval of Class Action Settlement (ECF No. 106) ("Preliminary Approval Order") which granted preliminary approval of the Class Settlement, provisionally certified, for settlement purposes only, the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); preliminarily appointed the Settlement Class Representative, Settlement Class Counsel, and the Settlement Claim Administrator; approved the form and content of the Class Notice and Claim Form; approved the Parties' Class Notice Plan set forth in the Settlement Agreement ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and directed the dissemination of the Class Notice pursuant to the Notice Plan;

WHEREAS, the approved Notice Plan was effectuated in a timely and proper manner; and

WHEREAS, this Court having held a Final Fairness Hearing on December 4, 2025, and having carefully considered all of the submissions, arguments, and applicable law, and with due deliberation thereon, *and for the reasons set forth on the record on*

NOW, this Court hereby finds, determines, and orders as follows: *December 4, 2025; and*

1.    **Jurisdiction and Venue.** The Court has jurisdiction over the subject *for good* matter of the Action and all matters relating to the Class Settlement. Venue is also *cause shown;* proper in this Court.

2.    **Final Approval of the Class Settlement.** The Court hereby grants final approval of the Class Settlement and all of the terms and provisions of the Settlement Agreement. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law.

3.    **Certification of the Settlement Class.** The Court certifies, for Settlement purposes only, the proposed Settlement Class set forth in the Settlement Agreement and in the Preliminary Approval Order (ECF No. 106). The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Class under Fed. R. Civ. P 23(a) and 23(b)(3) are satisfied, to wit: the Settlement Class is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representative are typical of the claims of the Settlement

Class; the Settlement Class Representative and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). *Sullivan v. DB Invs.*, 667 F.3d 273, 302-03 (3d Cir. 2011)(*en banc*); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 519 (3d Cir. 2004).

4.      **Notice of the Settlement to the Settlement Class.** The Court finds that Notice of the Class Settlement was timely and properly disseminated and effectuated pursuant to the approved Notice Plan, and that said Notice constitutes the best notice practicable under the circumstances and satisfies all requirements of Rule 23(e) and due process.

5.      **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Claim Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the

United States and the Attorneys General of each State where class members reside and of Puerto Rico. No Attorney General has filed any objection to, or voiced any concern over, the Class Settlement or any of its terms and provisions.

6.  **Defined Terms of the Settlement Agreement.** Unless otherwise defined herein, the terms used in this Order that are defined in the Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

7.  **The Settlement is Fair, Reasonable, and Adequate.** The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies Fed. R. Civ. P. 23. The Settlement provides substantial benefits to, and is in the best interests of, the Settlement Class, and is particularly fair, reasonable, and adequate when considering the issues of this case including, but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery or reduced recovery to the Settlement Class, the risks of inability to certify a class and/or to maintain any class certification through trial and potential appeal if this action is litigated rather than settled, the substantial burdens, time and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the Action.

8.  **The Class Settlement is the Result of Extensive Arm's-Length Negotiation of Highly Disputed Claims by Experienced Class Action Counsel,**

**and is Not the Product of Collusion.** The Court further finds that the Class Settlement was entered into as the result of extensive and adversarial arm's-length negotiations of highly disputed claims among experienced class action counsel on both sides. The Settlement is not the product of collusion, and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of the Parties' respective claims and defenses, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the issues of the Class Representative service award and Class Counsel reasonable attorneys' fees and expenses were not even discussed by the Parties, let alone agreed to, until after agreement had already been reached on the material terms of this Class Settlement, and were, likewise, negotiated at arm's length and without any collusion.

9.      **No Admission of Wrongdoing.** This Class Settlement is a compromise of vigorously disputed allegations and claims. As set forth in the Settlement Agreement, the Court finds that the Settlement, and any documents and submissions relating thereto, do not and shall not constitute a finding of either fact or law regarding the merits or substance of any allegation, claim, fact, issue of law, or defense that was or could have been asserted in this Action. The Court further finds that nothing in this Final Order and Judgment, the Settlement Agreement, the

underlying proceedings or negotiations, or any documents, filings, submissions, or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission of, or any evidence of, any allegation, claim, fact, or issue of law that was or could have been asserted in the Action or of any liability, wrongdoing, or responsibility on the part of any Defendant or Released Party.

10. **Appointment of Settlement Class Representative and Settlement Class Counsel.** The Court hereby grants final approval and appointment of Plaintiff Julie Kimball as Representative of the Settlement Class ("Settlement Class Representatives"), and of the law firms of Kantrowitz, Goldhamer & Graifman, P.C. and Thomas P. Sobran, P.C. collectively as Class Counsel for the Settlement Class ("Settlement Class Counsel" or "Class Counsel"). The Court finds that said Settlement Class Representative and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

11. **Appointment of Settlement Claims Administrator.** The Court further grants final approval and appointment of JND Legal Administration as the Settlement Claims Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

12. **Objections and Requests for Exclusion.** Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request

exclusion from the Settlement, and were duly advised of the deadlines and procedures for doing so. Of the approximately 3,929,515 Settlement Class Members, the Court has received only eleven (11) purported objections to the Settlement (ECF Nos. 109, 110, 111, 112, 113, 114, 115, 116, 118, 119 and 122) that were filed with the Court, and three (3) purported objections that were not filed with the Court (ECF 125-1, 125-2, and 125-3).[1] The Court also received one request for an extension of time to file an objection (ECF 117), which was denied by Order dated October 27, 2025 (ECF 122). Four of the purported objections (Adam Scher ECF 112, Alicia Bankston ECF 114, Howard Breslau ECF 118 and Shady Ali ECF 125-2) have been withdrawn, subject to this Court's approval (ECF 125-4). In addition, notwithstanding the very significant size of the Settlement Class, there were only two hundred thirty seven (237) requests for exclusion, fifty eight (58) of which are from individuals that are not Settlement Class Members, seven (7) of which are untimely, and fifty four (54) of which are invalid for failure to comply with the requirements for a valid request for exclusion mandated by the Preliminary Approval Order and recited in the Class Notice.

13.    The court finds that the very small number of objections and requests for exclusion demonstrates overwhelmingly that the Settlement Class favors the

---

[1] As set forth *infra*, the Court finds that these purported objections are both invalid and lack substantive merit.

Settlement, and further supports that the Class Settlement is fair, reasonable, and adequate, and warranting of final approval by this Court.

14.    The Court further, after due consideration, approves and accepts, as reasonable, appropriate, and consistent with Rule 23(e)(5)(B)(i), the withdrawals of the four (4) objections of Adam Scher (ECF 112), Alicia Bankston (ECF 114), Howard Breslau (ECF 118) and Shady Ali (ECF 125-2) that were based upon amicable settlements that were effectuated for good-faith customer relations purposes. These settlements and withdrawals are hereby accepted and approved accordingly.

15.    The Court has carefully considered the objections of Oliver Larson (ECF 109), Gunter H. Meyer (ECF 110), Tracey Daniel Genters (ECF 111), Mary Sheehan and Matthew Glogowski (ECF 116), Geoffrey Donaldson (ECF 119), Roger Campos (ECF 125-1) and Straker Carryer (ECF 125-2), and the Parties' submissions (ECF 125 and 126) and arguments with respect thereto. The Court hereby finds and determines that these objections are invalid for failing to comply with the requirements for a valid objection as mandated by the Preliminary Approval Order and recited in the Class Notice, and said objections are hereby overruled. The Court further finds and determines that these objections are substantively without merit, and they are hereby overruled on this basis as well.

16.    The Court has carefully considered the filing of Anthony KiBom Kim (ECF 117) and the Parties submissions (ECF 120, 125 and 126) and arguments with respect thereto. The Court hereby finds and determines that Mr. Kim's filing is not an objection to the Settlement, and even if it were considered an objection, it would be overruled (a) as invalid for failing to comply with the requirements for a valid objection as mandated by the Preliminary Approval Order and recited in the Class Notice, and (b) as substantively without merit. Accordingly, even if Mr. Kim's filing were to be deemed an objection, it is hereby overruled.

17.    The Court has carefully considered the objections of Barbara Roches (ECF 113), Jorge Parra Osorio (ECF 115) and Wendong Song (ECF 122) and the Parties' submissions (ECF 125 and 126) and arguments with respect thereto. The Court finds and determines that these objections are substantively without merit, and they are hereby overruled.

18.    The Court further finds and determines that the withdrawn objections of Adam Scher (ECF 112), Howard Breslau (ECF 118) and Shady Ali (ECF 125-2) were, in any event, (1) invalid for failure to comply with the requirements for a valid objection as mandated by the Preliminary Approval Order and recited in the Class Notice, and (2) without substantive merit. In addition, the Court finds and determines that the withdrawn objection of Alicia Bankston (ECF 114) is, in any event, without

substantive merit. Accordingly, if these objections had not been withdrawn, they would be overruled.

19.     The Court hereby finds and determined that the aforesaid objections are without merit, and do not, factually or legally, justify not granting final approval of this Class Settlement. Accordingly, the objections are hereby overruled.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:**

20.     The Court hereby grants final approval of the Class Settlement as set forth in the Settlement Agreement and all of its terms and provisions. The Settlement is fair, reasonable, adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23. Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998), and finds that they support, justify, and warrant final approval of this Class Settlement.

21.     The Court certifies, for the purpose of settlement, the following Settlement Class consisting of:

> All persons and entities who purchased or leased, in the United States or Puerto Rico, Settlement Class Vehicles which are certain of the following model year Volkswagen and Audi brand vehicles which were distributed by Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico, and specifically identified by Vehicle Identification Number ("VIN") on VIN lists that are attached as Exhibits 4A-C to the Settlement Agreement: 2008-2014 and 2015-2021 VW GTI and Golf R vehicles,  2012-2013 VW Beetle vehicles, 2009 VW Jetta Sportwagen vehicles, 2008-2013 and 2019-2024 VW Jetta Sedan and GLI vehicles, 2009-2016 VW Eos vehicles, 2008-2010

VW Passat vehicles, 2009-2017 VW CC vehicles, 2009-2018 VW Tiguan vehicles, 2015-2018 VW Golf vehicles, 2015-2019 VW Golf R vehicles, 2015-2019 VW Golf Sportwagen and Alltrack vehicles, 2019-2021 VW Arteon vehicles, 2018-2023 VW Atlas vehicles, 2020-2023 VW Atlas Cross Sport vehicles, 2008-2009 and 2015-2020 Audi A3 vehicles, 2015-2024 Audi Q3, 2009-2014 Audi A4 vehicles, 2010-2014 Audi A5 vehicles, 2013-2015 Audi A6 vehicles, 2011-2014 Audi Q5 vehicles, and 2011-2012 and 2016-2023 Audi TT vehicles. (hereinafter "Settlement Class").

The aforesaid Settlement Class Vehicles are categorized as follows:

**(1)** **"Generation 1 Settlement Class Vehicles"** means certain of the following Settlement Class Vehicles equipped with Generation 1 EA888 Engines: certain model year 2008-2014 VW GTI and Golf R vehicles, 2012-2013 VW Beetle vehicles, 2009 VW Jetta Sportwagen vehicles, 2008-2013 VW Jetta Sedan and GLI vehicles, 2009-2016 VW Eos vehicles, 2008-2010 VW Passat vehicles, 2009-2017 VW CC vehicles, 2009-2018 VW Tiguan vehicles, 2008-2009 Audi A3 vehicles, and 2015-2018 Audi Q3 vehicles, which were distributed by VWGoA in the United States and Puerto Rico and specifically identified by Vehicle Identification Number ("VIN") on a VIN list that is attached as Exhibit 4A to this Agreement.

**(2)** **"Generation 2 Settlement Class Vehicles"** means certain of the following Settlement Class Vehicles equipped with Generation 2 EA888 Engines: certain model year 2009-2014 Audi A4 vehicles, 2010-2014 Audi A5 vehicles, 2013-2015 Audi A6 vehicles, 2011-2014 Audi Q5 vehicles, and 2011-2012 Audi TT vehicles, which were distributed by VWGoA in the United States and Puerto Rico and specifically identified by Vehicle Identification Number ("VIN") on a VIN list that is attached as Exhibit 4B to this Agreement.

**(3)** **"Generation 3 Settlement Class Vehicles"** means certain of the following Settlement Class Vehicles equipped with Generation 3 EA888 Engines: certain model year 2015-2018 VW Golf vehicle, 2015-2021 VW GTI vehicles, 2015-2019 VW Golf R vehicles, 2015-2019 VW Golf Sportwagen and Alltrack vehicles, 2019-2024 VW Jetta GLI vehicles, 2019-2021 VW Arteon vehicles, 2018-2023 VW Atlas vehicles, 2020-2023 VW Atlas Cross Sport vehicles, 2015-2020 Audi

A3, 2019-2024 Audi Q3 vehicles, and 2016-2023 Audi TT vehicles, which were distributed by VWGoA in the United States and Puerto Rico and specifically identified by Vehicle Identification Number ("VIN") on a VIN list that is attached as Exhibit 4C to this Agreement.

Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

22.    The objections of Adam Scher (ECF 112), Alicia Bankston (ECF 114), Howard Breslau (ECF 118) and Shady Ali ECF (125-2) are hereby deemed withdrawn, and even if they had not been withdrawn, they would be overruled.

23.    The objections of Oliver Larson (ECF 109), Gunter H. Meyer (ECF 110), Tracy Daniel Venters (ECF 111), Barbara Roches (ECF 113), Jorge Parra Osorio (ECF 115), Mary Shaheen and Matthew Glogowski (ECF 116), Geoffrey

Donaldson (ECF 119), Wendong Song (ECF 122), Roger Campos (ECF 125-1) and Straker Carryer (ECF 125-3) are hereby overruled.

24.     The filing of Anthony KiBom Kim (ECF 117) is not an objection to the Settlement, and even if it were considered as an objection, it is hereby overruled.

25.     The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the one hundred eighteen (118) Settlement Class Members who are listed on Exhibit A annexed hereto.

26.     The Court rejects and denies the one hundred nineteen (119) requests for exclusion listed on Exhibit B annexed hereto.

27.     The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

28.     The Parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein, and the Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreement, except for the one hundred eighteen

(118) persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class.

29.    The Action is hereby dismissed with prejudice and without costs.

30.    Neither this Settlement, the Settlement Agreement, its negotiations, any agreements, documents, submissions and Orders relating thereto, nor this Final Order and Judgment, shall, in any way, constitute, be deemed to constitute, be construed or argued as, or be considered or admissible as evidence of: (i) an admission by any Party or any Released Parties as to the substance and merits of any allegation, claim or defense that was or could have been asserted in this Action; (ii) any finding of either fact or law as to the substance and merits of any claim or defense that was or could have been asserted in the Action; (iii) an admission or evidence of any liability, wrongdoing, or responsibility on the part of the Defendants or any Released Party; and (iv) as evidence, or be offered or admissible as evidence, against any Defendant, Released Party, or the Plaintiffs in any action or proceeding, judicial or otherwise, except as necessary to enforce the terms of the Settlement Agreement and/or this Final Order and Judgment.

31.    In the event that any provision of the Settlement or this Final Order and Judgment is asserted by Defendants or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding brought by a Settlement Class Member or any

person acting or purporting to act on behalf of any Settlement Class Member(s) in any forum, judicial or otherwise, that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court, or the court or tribunal in which the claim is pending if any Defendant or Released Party so elects to proceed there, has determined any issues related to such defense or assertion.

32.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Order and any obligations thereunder.

33.    Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member, is/are hereby permanently barred, enjoined, and restrained from commencing, instituting, pursuing, maintaining, prosecuting, or continuing to pursue, maintain or prosecute, any Released Claim against Defendants and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this

provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

34.     Without affecting the finality of this Final Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to, the consummation, implementation and enforcement of this Settlement and its terms, including the Released Claims against Defendants and all Released Parties, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement. This exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar and injunction against the pursuit, commencement, maintenance, prosecution, and/or continuation of any Released Claim against any Defendant or Released Party.

35.   The Clerk of Court will close This matter.

**IT IS SO ORDERED AND ADJUDGED.**



Dated:    12/4/2025

Hon. Michael A. Hammer
United States Magistrate Judge

# EXHIBIT A

| *Kimball v. Volkswagen Group of America*<br>Valid Exclusions | |
| --- | --- |
| Name | VIN (Last 4) |
| Irene Haag | 1062 |
| Richard S. Goldstein | 0159 |
| Carol Ann Baker | 4143 |
| Patrick Schechter | 4253 |
| David Greenbaum | 4688 |
| Richard B. Millham Jr. | 2660 |
| Brenda Goodwin | 7811 |
| Brooke Gibson | 6663 |
| Myat Thida | 7164 |
| Herve Gerard Polisset | 5526 |
| David Smith | 1221 |
| Kun Lin | 7108 |
| Gerard J. Bauer | 9250 |
| Gwen Elizabeth Zeh | 1629 |
| Lynne Borel | 1672 |
| Costantine Caglage | 7011 |
| Harold A. Rasp | 0752 |
| Thomas M. Gniot | 6808 |
| Robert Walker | 8690 |
| James M. Baker | 5512 |
| Xochitl Morales | 1860 |
| Renamay and Dexter Ego | 5391 |
| Mark Fairchilds | 3202 |
| Karen Goetz | 0603 |
| Lewis Mao | 1757 |
| Karen Christine Boynton | 4320 |
| Andrea Schneider | 1605 |
| Tiana-Eve Reola and Dominique Sean Reola | 8829 |
| Joseph G. Erba | 7920 |
| Joseph Pawlosky | 7185 |
| Kenneth P. Perich | 9282 |
| Mariana Poutiatine Cotten | 7731 |
| Michael K. and Rebecca J. Latta | 3223 |
| Olga Vanessa Garza | 2559 |
| Robert Welstand | 5580 |
| Samuel T. Dickson | 6727 |
| Alec Kocoglu | 3294 |
| Angela S. Hensley | 3461 |
| Karen Conklin and Omi Conklin | 7708 |
| Kaitlin Limpach | 1306 |
| Scott D. Spelfogel | 1802 |

| | |
|---|---|
| Marlon Reid | 3718 |
| Fariborz Rodef and Raquel Rodef | 8223 |
| Jennifer Holland | 0163 |
| Christelle E. Sayasith | 6510 |
| Jennifer Janet Lugo De La Torre and Norma A. De La Torre Gonzalez | 5776 |
| Kevin Nicholson and Vanessa R. Nicholson | 3935 |
| Yuk Lin Ng | 2994 |
| Melissa Nieves | 2447 |
| James Kurt Mellinger | 1940 |
| Johanna Vela and Joseph Vela | 8388 |
| Richard Starkey and Ashley E. Pineda | 9791 |
| Stephen Chessin | 5657 |
| Bonnie Gabai | 2346 |
| Christine Garcia and Camille Hieb | 1620 |
| Danilo C. David | 1751 |
| Francis William Hadley | 3262 |
| Mary Elaine Gan | 9975 |
| Sasha Brittney Dismuke | 1440 |
| Scott G. Smith and Christina A. Smith | 2334 |
| Nadea M. McPherson | 8330 |
| Rogelio A. Cardenas and Ramona Ramos Cardenas | 6281 |
| Lei Bian | 4209 |
| Noah C. Ginsky | 8290 |
| Blima Chana Gottlieb | 0003 |
| Sharon Paterson | 3298 |
| Charlene Hang | 1126 |
| Gobi M. Rahimi | 5138 |
| Israel Lozano | 6636 |
| Kathryn Klein | 0106 |
| Maria F. Pulido | 2299 |
| Min Jung Kim | 9964 |
| Virginia Soliman and Amir W. Sarofiem | 7815 |
| Rebecca Learned | 0435 |
| Bonnie Sue Klatt | 8694 |
| Corri A. Gross | 9390 |
| Anna C. Carroll | 6802 |
| Kelli Jean Farrar | 8026 |
| Rachana Pasupuleti | 3371 |
| Kathleen Stahl | 8948 |
| Leanne Nguyen-Phuoc | 8424 |
| Chelsey H. Klein | 0106 |
| Gisselle S. Delgado | 9082 |
| Lucia D. Lopez | 1738 |
| Rosa G. Velaquez | 0827 |
| Wendy Combs | 3412 |

| | |
|---|---|
| Romeo Pascasio Gutierrez | 7992 |
| Romeo Pascasio Gutierrez | 0661 |
| Linda Rohlfing | 7740 |
| Linda Rohlfing | 1914 |
| Gintaras Dargis | 3687 |
| Lindsey Sassen-Mysior | 0853 |
| Tonya Buckley | 1245 |
| Brett Cato | 0621 |
| Margaret Ann Boling | 1521 |
| Margaret Ann Boling | 7373 |
| Rebecca Sheibe | 5408 |
| Bettina Ann Brown | 4392 |
| Raquel Silva Prado | 6446 |
| Gerald Richard Gaston | 7274 |
| Desmond Mantle | 2525 |
| Tonya Buckley | 8504 |
| Sasha N. Dejoras Balleza | 5068 |
| Gordon Reese | 7798 |
| Peter H. Fu | 1976 |
| Werner Watkins | 0924 |
| Lori Hueftle | 1337 |
| Richard and Lori Millham | 2688 |
| Richard and Lori Millham | 6449 |
| Richard and Lori Millham | 0871 |
| Mary Niforopulos | 9173 |
| Audrey Swiderek | 4028 |
| John Williams | 1608 |
| Cliff Marticorena | 3002 |
| Edvaldo Lima Demizu | 9938 |
| Cynthia Goss | 1341 |
| Pamela Soto | 3196 |
| Pamela Soto | 5145 |

# EXHIBIT B

| Kimball v. Volkswagen Group of America Invalid Exclusions | |
|---|---|
| Name | VIN (Last 4) |
| Richard B. Millham Jr. | 4119 |
| Mark A. Kablack | 3637 |
| Mario Hudson | 1707 |
| Mohamma Anwar Shafi and Sara Asgur | 6526 |
| Angela Gladstone | 5955 |
| Teresa P. Segura | 6587 |
| Crystal J. K. Azzarello and Renzo Azzarello | 6795 |
| Nemecio Ayala and Daniel Ayala Garcia | 2218 |
| Cynthia Raygoza | 5902 |
| Mildred Randle | 0880 |
| Yvette Rodriguez and Ray Rodriguez | 4433 |
| Raggy Robert Sarkis Sarkissian and Phoebe Tawadros Sarkissian | 5543 |
| Banna N. Aparicio | 4315 |
| Jonathan Macias | 6256 |
| Jorge Mojica | 8362 |
| Dillion Najor and Linda Najor | 8126 |
| Victoria Moldavskly and Igor Moldavskly | 4623 |
| Soliman Ashraf Mujadadi and Karla Ayala | 8993 |
| Alexandra B. South | 4513 |
| Alejandro D. Guzman and Paola G. Fores Rodriguez | 7536 |
| Bryan Gurrola and Isabella Manzanero | 0882 |
| David Parks Egner and Kirsten Linh Thu Egner | 3914 |
| David J. Gagne | 8168 |
| Mariam Shair and Omar Shair | 9567 |
| Steven L. Pellot and Kassandra E. Pellot | 6490 |
| Alexa Checklenis | 0260 |
| Roberto Cervantes | 8878 |
| Ashby C. Sorensen and Ashley N. Sorensen | 1153 |
| Raymond D. Smith | 2022 |
| Blanca M. Gonzalez | 1813 |
| Rodger Seth Grossman | 1730 |
| Charity Kae Shuman | 6119 |
| Denise R. Silber and Jon Elliot Silber | 8275 |

| | |
|---|---|
| Garrett J. Masciel | 5145 |
| Alicia Ann Matthies | 3851 |
| Ashley N. Harris and William M. Harris | 8039 |
| Bradley Jonko and Maureen Jonko | 7058 |
| Eduardo Carbajal | 1632 |
| Eliana Vallejo | 2542 |
| Fernando Cabrera and Rosa E. Cabrera | 8491 |
| Frank De Gaetano and Shelby E. Lagunas | 7885 |
| Jamil Hussein | 8987 |
| Luis Alberto Lomeli | 5293 |
| Maria Ramos | 9844 |
| Marshall R. Eiring | 0443 |
| Will Papania | 0418 |
| Bernice H. Esparza | 1938 |
| Victoria M. Miller | 1890 |
| Carla Coppa | 7422 |
| Christopher Calderon | 4424 |
| Karla M. Stanley | 2682 |
| Jennifer Tanksey | 9574 |
| Angelo Di Sano | 0033 |
| Wilma B. Ramirez | 3353 |
| Eric B. Vieth | 4214 |
| Neida Galvan | 2863 |
| Rachel Hensley Scruggs | 8676 |
| Tracie E. Vollgraf | 6023 |
| Tracy Kwiatkowski | 5213 |
| Christian H. Weber | 0576 |
| Claude Albertario | N/A |
| Joshua Shuster Lefkowitz | N/A |
| Paula Ehly | 3887 |
| Meredith Antonietti | 4498 |
| Paula Ehly | 2762 |
| Richard M. Fesenmyer and Martha J. Camp | 0678 |
| Ahra Shall | 5084 |
| Barbara Lewalski and Richard Gonzalez Jr. | 2472 |
| Daisy Saenz* and Richard King | 4744 |
| Elva Sanchez | 1943 |
| Mayra Benavidez | 4778 |
| Sylvia Mendoza | 0367 |
| Dan Johnson | 6306 |
| Mark O'Neill | 1995 |
| Carlos Escobar Lopez | 9158 |
| Elizabeth Centeno Zavala | 2000 |
| Estefania Gonzalez | 0953 |

| | |
|---|---|
| Irene Zaragoza | 0197 |
| Rogelio Morales | 1641 |
| Sergio Nevarez | 6950 |
| Elizabeth Tasca | 3602 |
| Fran Abby Kurtis | 6772 |
| Hunter Spitzer and Judith Hunter | 4450 |
| Ada M. Olcott | 3373 |
| Ada M. Olcott | 7250 |
| Kenneth Zigler | 2966 |
| Patricia Murphy | 2871 |
| Valerie Joseph | 0562 |
| Annie Endsley | 9890 |
| Becky Airaudi | 3868 |
| Daniela Cavedoni and Falvio Cavedoni | 1348 |
| Donald Baylis | 9873 |
| John Hojaboom | 1682 |
| Marie Jackson | 5397 |
| Steve Merian | 4971 |
| Bryan Lorenzo | 1805 |
| Christina Vela | 2171 |
| Diana Garcia | 0834 |
| Leah Atkinson | 3515 |
| Lisa Marroquin | 1146 |
| Lizette Calvillo | 5231 |
| Marcel Cvejkus | 2133 |
| Seamus Blackwell | 8014 |
| Stephanie Garcia | 1826 |
| William Alexander | 6000 |
| Bernie Klein | 0112 |
| Elaine Dodge | 6385 |
| Hyeon Cho | 6700 |
| Philip Edelsberg | 8621 |
| Sara Turner | 0657 |
| Shirley Mulkey | 7894 |
| Katherine Olsen | N/A |
| Barbara Orlando | N/A |
| Djeladin Shaziman | N/A |
| David Zwart | N/A |
| Katherine M. Wallace | 0742 |
| Bruce Gumke | 6614 |
| Emmett Wagner | N/A |
| Leylah Samimi | N/A |